# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-CA-00873-SCT

*IN THE INTEREST OF R.H., A MINOR*

DATE OF JUDGMENT:           06/20/2024
TRIAL JUDGE:                HON. STACIE ELIZABETH ZORN
TRIAL COURT ATTORNEYS:      MICHAEL WILSON BRELAND
                            CHRISTOPHER BLAKE BROOME, SR.
                            JESSICA LYNN BATES
COURT FROM WHICH APPEALED:  JACKSON COUNTY YOUTH COURT
ATTORNEY FOR APPELLANT:     CHRISTOPHER BLAKE BROOME, SR.
ATTORNEY FOR APPELLEE:      MICHAEL WILSON BRELAND
NATURE OF THE CASE:         CIVIL - JUVENILE JUSTICE
DISPOSITION:                APPEAL DISMISSED - 03/19/2026
MOTION FOR REHEARING FILED:

**BEFORE COLEMAN, P.J., GRIFFIS AND SULLIVAN, JJ.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.     R.H.[1] appeals the restitution order entered by the youth court. Because the order is not a final, appealable order, this Court lacks jurisdiction, and the appeal is dismissed.

## FACTS AND PROCEDURAL HISTORY

¶2.     On December 4, 2023, a petition was filed in the Jackson County Youth Court by the youth-court prosecutor alleging R.H. to be a delinquent child. The petition charged R.H. with Count 1—burglary of Kreole Elementary School; Count 2—attempted burglary of Dollar General; and Count 3—attempted burglary of Family Dollar.

¶3.     An adjudication hearing was held December 13, 2023. Present at the adjudication hearing were R.H., his attorney, his father, and his paternal grandmother. At the adjudication

---

[1] We use initials to protect the minor child's identity.

hearing, R.H. was read each count of the petition, and he admitted the charges.[2]  When asked to explain what happened, R.H. stated that on the day in question, his friend L.L. texted him and showed up at his house.  R.H., L.L., and L.L.'s brother D.G. went to Kreole Elementary School where L.L. removed a window screen and pushed open the window.  All three boys then entered the school.  While in Kreole Elementary School, the boys "grabbed" an iPad.  They then left the school and went home.  L.L. and D.G. later returned to R.H.'s house, and R.H., L.L., and D.G. all went to the dollar store.  R.H. admitted that they planned to "take something out of the store."  He explained that they first went to Dollar General and "hit the door but [the door] didn't break" so they ran to Family Dollar.  When they got to Family Dollar, L.L. hit the door, but an alarm went off, so everyone ran.  The youth court adjudicated R.H. a delinquent child on all three counts.[3]  An adjudication order was entered by the court.[4]

¶4.    A disposition hearing was held December 21, 2023.  Present at the disposition hearing were R.H., his attorney, his father, and his paternal grandmother.  The youth court placed

---

[2] In advising R.H. of the charges against him, the youth-court judge mistakenly stated that Count 2 of the petition alleged that R.H. "committed the . . . act of commercial burglary by breaking and entering into the Dollar General[.]"  Count 2 of the petition, however, clearly alleges *attempted* commercial burglary of Dollar General.

[3] At the end of the adjudication hearing, the youth-court judge mistakenly stated that she was "going to adjudicate [R.H.] on all three counts of commercial burglary."  But as previously noted, the petition clearly charged R.H. with only one count of commercial burglary and two counts of attempted commercial burglary.

[4] The adjudication order erroneously adjudicated R.H. delinquent on three counts of commercial burglary instead of one count of commercial burglary and two counts of attempted commercial burglary.  Again, the petition clearly charged R.H. with one count of burglary and two counts of attempted burglary.

R.H. on probation for nine months, placed an ankle monitor on him for sixty days, sentenced him to sixty days' detention with those days held in abeyance, and ordered him to participate in counseling and to write an apology letter to the school and dollar stores. A disposition order was entered by court.[5]

¶5. A restitution hearing was held May 7, 2024. Present at the restitution hearing were R.H., his attorney, and his paternal grandmother. Also present were L.L. and D.G. At the hearing, the youth-court prosecutor announced that Dollar General was the only victim seeking restitution and that its representative was present. Dollar General's representative testified that there was damage "to the glass and the pane" of the front door and that the damages totaled $1,443.25. The youth court took the matter under advisement and, on June 20, 2024, issued an order finding R.H., his mother, father, and paternal grandmother jointly and severally liable to pay restitution in the amount of $481.08[6] within twelve months.

¶6. In the restitution order, the youth court set a review hearing for July 16 and September 10, 2024. The July 16 review hearing was related to R.H.'s disposition. The September 10 review hearing was related to restitution.

¶7. On July 16, a review hearing was held to review the status of R.H.'s disposition.[7]

---

[5] Like the adjudication order, the disposition order erroneously noted that R.H. committed three counts of commercial burglary.

[6] $481.08 represents one-third of the total amount of damages. The youth court equally divided the total amount of damages among R.H., L.L., and D.G.

[7] On April 18, 2024, the youth court conducted a postdisposition-review hearing during which the court ordered R.H. to continue to follow the rules of his probation, sentenced him to sixty days in detention, and ordered that he attend school daily, participate in counseling in the One More Mile to Go program, and obey the rules of his treatment plan.

3

R.H. failed to appear at the hearing. As a result, the youth court ordered that a pick-up order be issued for R.H. and that the Division of Youth Services counselor file a contempt petition.

¶8. R.H. filed his notice of appeal on July 22, 2024. The notice of appeal stated that R.H. "appeals . . . the [r]estitution [o]rder signed by the [y]outh [c]ourt [j]udge on June 20[.]"

¶9. To ensure his appearance in court, the youth court entered an order on July 25, 2024, changing physical custody of R.H. from his father and paternal grandmother to the Jackson County Youth Detention Facility. A detention hearing was held on July 29 during which the youth court ordered that the physical custody of R.H. remain with the Jackson County Youth Detention Facility. The youth court set a postdisposition-review hearing for August 15, 2024.

¶10. At the postdisposition-review hearing on August 15, the youth court released R.H. from detention and extended his probation by three months. The restitution review hearing set for September 10 was reset pending this appeal.

## STANDARD OF REVIEW

¶11. "Our standard of review in youth court cases is limited." *R.W. v. Miss. Dep't of Child Prot. Servs.*, 395 So. 3d 63, 68 (Miss. 2024) (citing *Loggans v. Hall (In re Int. of D.K.L.)*, 652 So. 2d 184, 189 (Miss. 1995)). "The youth court judge is the trier of fact." *Id.* (citing *In re Int. of D.K.L.*, 652 So. 2d at 189). "When challenging a youth court's adjudicatory or dispositional order for sufficiency of the evidence, the standard of review is preponderance of the evidence." *Id.* (citing *In re Int. of C.R.*, 604 So. 2d 1079, 1083 (Miss. 1992)). "This Court considers all the evidence in the light most favorable to the State." *Id.* (citing *In re*

***Int. of C.R.***, 604 So. 2d at 1083). "Further, '[i]f the evidence is such that, beyond a reasonable doubt, reasonable [minds] could not have reached the youth court's conclusion, we must reverse. However, if the evidence in the record supports the youth court's adjudication, considering the reasonable-doubt standard, then we must affirm.'" ***Id.*** (alterations in original) (quoting ***In re Int. of S.M.K.S. v. Youth Ct. of Union Cnty.***, 155 So. 3d 747, 749 (Miss. 2015)).

¶12.    "This Court reviews questions of law de novo." ***L.B.C. v. Forrest Cnty. Youth Ct.***, 339 So. 3d 111, 113 (Miss. 2017) (quoting ***R.P. v. State (In re Int. of J.P.)***, 151 So. 3d 204, 208 (Miss. 2014)).

## DISCUSSION

¶13.    On appeal, R.H. argues (1) Counts 2 and 3 of the petition fail to state an overt act of attempted commercial burglary rendering the adjudication, disposition, and restitution orders void, and (2) no evidence was offered to prove restitution.  In response, the State argues this Court lacks jurisdiction to consider the appeal because the appeal was not timely filed.

¶14.    Neither party addresses or challenges this Court's jurisdiction under Mississippi Code Section 43-21-651 (Supp. 2025).[8]  We exercise appellate jurisdiction over appeals "from final orders or decrees of the youth court[.]"  Miss. Code Ann. § 43-21-651(1)(a) (Supp. 2025).

> *Final Orders in youth court include orders that* grant durable legal custody or durable legal relative guardianship, transfer jurisdiction over the minor child to another court, such as for an adoption, or otherwise *terminate the*

---

[8] Section 43-21-651 was amended effective July 1, 2024, before this appeal was perfected.

5

*jurisdiction of the youth court over the minor child. . . . Any* matters adjudicated by the youth court through *interim orders* such as adjudication/disposition orders, or permanency review orders, *may be only appealed through the interlocutory appeal process* provided by the Rules of Appellate Procedure.

*Id.* (emphasis added).

¶15. Here, R.H. did not seek interlocutory review of the restitution order. Instead, R.H. "appeal[ed] . . . the restitution order signed by the youth court judge on June 20[.]"

¶16. Nothing in the restitution order "terminate[s] the jurisdiction of the youth court over [R.H.]." *Id.* Instead, as the record reflects, the youth court continued to exercise jurisdiction over R.H. after the restitution order was entered and the notice of appeal was filed. Specifically, the youth court set and conducted review hearings, modified R.H.'s custody, and extended his probation.

¶17. Because the restitution order did not terminate the youth court's jurisdiction over R.H., it is not a final order under Section 43-21-651(1)(a). Consequently, this Court lacks jurisdiction to consider the appeal, and the appeal is dismissed.

## CONCLUSION

¶18. The restitution order from which R.H. appeals is not a final, appealable order under Section 43-21-651(1)(a). As a result, the appeal is dismissed for a lack of jurisdiction.

¶19. **APPEAL DISMISSED.**

**RANDOLPH, C.J., COLEMAN, P.J., ISHEE, SULLIVAN AND BRANNING, JJ., CONCUR. KING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**